1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11

EDWARD TYRONE MALONE,                    )          Case No. CV19-10796-JAK (JEM)
12                                                   )
                          Plaintiff,                 )
13                                                   )          MEMORANDUM AND ORDER
            v.                                       )          DISMISSING COMPLAINT WITH
14                                                   )          LEAVE TO AMEND
AUGUST PRIVRATSKY,                        )
15                                                   )
                          Defendant.                 )
16  _____ )

17

18          On December 20, 2019, Edward Tyrone Malone ("Plaintiff"), a state prisoner

19  proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. § 1983

20  ("Complaint").

            **SCREENING STANDARDS**
21

22          In accordance with the provisions of the Prison Litigation Reform Act of 1995, the

23  Court must screen the Complaint before ordering service to determine whether the action:

24  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3)

25  seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C.

26  § 1915A(b); 42 U.S.C. § 1997e(c)(1).  This screening is governed by the following

27  standards:

28          A complaint may be dismissed as a matter of law for failure to state a claim for two

reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has

alleged insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable.  Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility.  Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt.  Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988).  Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action.  Id. at 623.  Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be

dismissed without leave to amend.  Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds that the Complaint must be **DISMISSED WITH LEAVE TO AMEND.**

### ALLEGATIONS OF THE COMPLAINT

Plaintiff's claims arise out of his confinement at Ironwood State Prison in Blythe, California ("ISP").  He has sued August Privratsky, a physical therapist at ISP, in his individual and official capacities.  (Complaint at 3.)[1]  Plaintiff alleges the following:

On May 13, 2019, Plaintiff attended his physical therapy appointment with Defendant.  (Id. at 5.)  Defendant applied a TENS unit to Plaintiff's right buttocks and hip area.  (Id.)  Plaintiff informed Defendant "that he felt a painful, tingling sensation and wanted to stop the treatment."  (Id.)  Defendant told Plaintiff "that the pain and tingling sensation was expected as part of the process and continued with his treatment without any concern for the . . . pain he was causing [P]laintiff."  (Id.)  Plaintiff endured this pain for 8 to 10 minutes, "all the while complaining and at times smelling his own flesh burning."  (Id. at 7.)  The next morning, Plaintiff "awoke to overwhelming sensations of pain at his lower back area where [Defendant] placed the TENS unit."  (Id.)  Plaintiff discovered two lesions on the affected areas.  (Id.)

Based on the foregoing, Plaintiff alleges claims for violation of his Eighth and Fourteenth Amendment rights.  (Id. at 5, 7, 8.)

Plaintiff seeks compensatory and punitive damages.  (Id. at 6.)

///

///

///

///

---

[1]  The Court refers to the pages of the Complaint as numbered by the CM/ECF system.

**DISCUSSION**

## I. PLAINTIFF'S OFFICIAL-CAPACITY CLAIMS AGAINST DEFENDANT ARE BARRED BY THE ELEVENTH AMENDMENT

Plaintiff has sued Defendant in his individual and official capacities. (Complaint at 3.) Plaintiff's official capacity claims are barred by the Eleventh Amendment.

In Will v. Michigan Department of State Police, 491 U.S. 58, 64-66 (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983. The Supreme Court reasoned that a suit against a state official in his or her official capacity is a suit against the official's office, and as such is no different from a suit against the State itself, which would be barred by the Eleventh Amendment. See id.; see also Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir. 1999); Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir. 1995). "[T]he [E]leventh [A]mendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages . . . ." Bair v. Krug, 853 F.2d 672, 675 (9th Cir. 1988). However, the Eleventh Amendment "does not preclude a suit against state officers for prospective relief from an ongoing violation of federal law." Children's Hospital and Health Ctr. v. Belshe, 188 F.3d 1090, 1095 (9th Cir.1999).

To overcome the Eleventh Amendment bar on federal jurisdiction over suits by individuals against a State and its instrumentalities, either the State must have consented to waive its sovereign immunity or Congress must have abrogated it; moreover, the State's consent or Congress' intent must be "unequivocally expressed." See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984). While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. See BV Engineering v. Univ. of Cal., Los Angeles, 858 F.2d 1394, 1396 (9th Cir. 1988); see also Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985) (holding that Art. III, § 5 of the California Constitution did not

1  constitute a waiver of California's Eleventh Amendment immunity).  Furthermore, Congress

2  has not abrogated State sovereign immunity against suits under 42 U.S.C. § 1983.

3      Here, Plaintiff seeks monetary damages against Defendant in his official capacity as

4  an employee at ISP.  (Complaint at 3, 6.)  Plaintiff's official capacity claims against

5  Defendant are tantamount to claims against the State of California, which are barred by the

6  Eleventh Amendment.  If Plaintiff chooses to file an amended complaint, he should not sue

7  Defendant in his official capacity.

8  ## II.      PLAINTIFF'S DELIBERATE INDIFFERENCE CLAIM

9      Plaintiff alleges a violation of his Eighth Amendment rights based on Defendant's use

10  of the TENS unit on Plaintiff during physical therapy.  (Complaint at 5, 7-8.)

11      The Eighth Amendment's prohibition against cruel and unusual punishments protects

12  prisoners not only from inhumane methods of punishment but also from inhumane

13  conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006)

14  (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994), and Rhodes v. Chapman, 452 U.S.

15  337, 347 (1981)) (quotation marks omitted).  While conditions of confinement may be, and

16  often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction

17  of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks

18  omitted).  Thus, conditions which are devoid of legitimate penological purpose or contrary to

19  evolving standards of decency that mark the progress of a maturing society violate the

20  Eighth Amendment.  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted);

21  Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.  Prison officials have a

22  duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation,

23  medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000)

24  (quotation marks and citations omitted), but not every injury that a prisoner sustains while in

25  prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks

26  omitted).

27      To maintain an Eighth Amendment claim, a prisoner must show that prison officials

28  were deliberately indifferent to a substantial risk of harm to his health or safety.  See, e.g.,

1 | Farmer, 511 U.S. at 847; Thomas, 611 F.3d at 1150-51; Foster v. Runnels, 554 F.3d 807,

2 | 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v.

3 | Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  The deliberate indifference standard involves

4 | an objective and a subjective prong.  First, the alleged deprivation must be, in objective

5 | terms, "sufficiently serious . . . ."  Farmer, 511 U.S. at 834.  "[R]outine discomfort inherent in

6 | the prison setting" does not rise to the level of a constitutional violation.  Johnson, 217 F.3d

7 | at 731.  Rather, extreme deprivations are required to make out a conditions of confinement

8 | claim, and only those deprivations denying the minimal civilized measure of life's

9 | necessities are sufficiently grave to form the basis of an Eighth Amendment violation.

10 | Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992).  The circumstances,

11 | nature, and duration of the deprivations are critical in determining whether the conditions

12 | complained of are grave enough to form the basis of a viable Eighth Amendment claim.

13 | Johnson, 217 F.3d at 731.  Second, the prison official must "know[ ] of and disregard[ ] an

14 | excessive risk to inmate health or safety . . . ."  Farmer, 511 U.S. at 837.  Thus, a prison

15 | official may be held liable under the Eighth Amendment for denying humane conditions of

16 | confinement only if he knows that inmates face a substantial risk of harm and disregards

17 | that risk by failing to take reasonable measures to abate it.  Id. at 837-45.  Mere negligence

18 | on the part of the prison official is not sufficient to establish liability, but rather, the official's

19 | conduct must have been wanton.  Id. at 835; Frost, 152 F.3d at 1128.

20 |      Here, Plaintiff alleges that he told Defendant that the TENS unit was causing severe

21 | pain.  (Complaint at 5.)  Defendant acknowledged Plaintiff's complaint but allegedly refused

22 | to stop using the TENS unit for several minutes.  (Id. at 5, 7.)  Plaintiff alleges that he

23 | continued to complain about the pain and could smell his own flesh burning at times.  (Id. at

24 | 7.)  Plaintiff further alleges he suffered burns and extreme pain as a result of Defendant's

25 | treatment.  (Id.)

26 |      Under the screening standards set forth above, Plaintiff's allegations are sufficient to

27 | allege a claim for deliberate indifference in violation of the Eighth Amendment at this stage

28 | of the proceedings.

**III. PLAINTIFF'S EQUAL PROTECTION CLAIM**

Plaintiff alleges a violation of the Equal Protection Clause of the Fourteenth Amendment based on Defendant's use of the TENS unit during physical therapy. (Complaint at 8-9.)

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that a defendant intentionally discriminated against a plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

"States must treat like cases alike but may treat unlike cases accordingly." Vacco v. Quill, 521 U.S. 793, 799 (1997) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982), and Tigner v. Texas, 310 U.S. 141, 147 (1940)). The Fourteenth Amendment "guarantees equal laws, not equal results." McQueary v. Blodgett, 924 F.2d 829, 835 (9th Cir. 1991) (quoting Personnel Adm'r v. Feeney, 442 U.S. 256, 273 (1979)). Moreover, "a mere demonstration of inequality is not enough . . . . There must be an allegation of invidiousness or illegitimacy in the statutory scheme before a cognizable claim arises." McQueary, 924 F.2d at 835.

Plaintiff alleges, in wholly conclusory fashion, that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. (See Complaint at 8-9.) Plaintiff states no facts to support his conclusory allegations of unequal treatment. Thus, Plaintiff has failed to state an equal protection claim based on Defendant's alleged misuse of the TENS unit during physical therapy.

It does not appear that Plaintiff could allege facts that would correct these deficiencies in light of the other facts alleged. However, given that Plaintiff has not yet had an opportunity to amend this claim, he may attempt to do so. In order to adequately plead an equal protection claim, he must allege facts that support the elements of such a claim as explained above.

*************

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document. The Clerk is also directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order.**

DATED: <u>January 30, 2020</u>

<u>        /s/ John E. McDermott        </u>
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE